WILLIAM BRESLIN, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 54, 2009
Supreme Court of Delaware.
Submitted: June 24, 2009.
Decided: July 6, 2009.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY DuPONT RIDGELY, Justice
This 6th day of July 2009, upon consideration of the appellant's brief filed pursuant to Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) In August 2008, a Superior Court jury convicted the appellant, William Breslin, of Driving Under the Influence. In January 2009, the Superior Court sentenced Breslin to five years at Level V suspended after nine months for one year at Level III probation.
(2) On appeal, Breslin's defense counsel ("Counsel") has filed a brief and a motion to withdraw pursuant to Rule 26(c). The standard and scope of review of a motion to withdraw and an accompanying brief under Rule 26(c) is two-fold. First, the Court must be satisfied that Counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal.[1] Second, the Court must conduct its own review of the record and determine whether the appeal is so devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]
(3) Counsel asserts that, based upon a careful and complete examination of the record, there are no arguably appealable issues. Counsel states that he provided Breslin with a copy of the motion to withdraw, the accompanying brief and appendix and advised Breslin that he had a right to supplement Counsel's presentation. Breslin did not submit any points for this Court's consideration. The State has responded to the position taken by Counsel and has moved to affirm the Superior Court's judgment.
(4) This Court has reviewed the record carefully and has concluded that Breslin's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel made a conscientious effort to examine the record and the law and properly determined that Breslin could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.
NOTES
[1] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).
[2] Id.